O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 8:16-CV-00742 (VEB)

CYNTHIA J. GEIGER,

              Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

           Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In November of 2002, Plaintiff Cynthia J. Geiger applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 11, 28). On November 3, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 27).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on November 8, 2002, alleging disability beginning September 30, 1993. (T at 522-24).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On July 6, 2004, a hearing was held before ALJ Charles Stevenson. (T at 299-349). On December 14, 2004, ALJ Stevenson issued a decision denying benefits. (T at 44-57). On March 22, 2006, the Social Security Appeals Council remanded the case to the ALJ for further proceedings. (T at 167-68).

A different ALJ, Helen Heese, was assigned on remand. ALJ Heese conducted a hearing on December 11, 2006. (T at 589-633). ALJ Heese issued a

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

decision denying benefits on February 21, 2007. (T at 58-69). The Appeals Council denied Plaintiff's request for review. (T at 190-93). An action in this Court followed. *See Geiger v. Astrue*, 2:08-CV-00967. The parties consented to a voluntary remand under sentence 6 of § 405 (g). ALJ Heese thereafter conducted further proceedings. (T at 365-69, 403-47, 448-60). On November 24, 2010, ALJ Heese issued a decision denying benefits. (T at 75-95). The Appeals Council denied review (T at 461-64) and the matter was re-opened in this Court.

On June 19, 2014, the Honorable Oswald Parada, United States Magistrate Judge, reversed and remanded the matter for further administrative proceedings. The Appeals Council remanded the matter to an ALJ pursuant to Judge Parada's Order. (T at 113).

A new ALJ, Sharilyn Hopson, was assigned. She conducted a hearing on April 30, 2015. Plaintiff appeared with her attorney and testified. (T at 1655-69). The ALJ also received testimony from Alan L. Ey, a vocational expert. (T at 1669-82).

On June 16, 2015, ALJ Hopson issued a decision denying benefits. (T at 22-39). The Appeals Council denied Plaintiff's request for review on February 26, 2016, making ALJ Hopson's decision the Commissioner's final decision. (T at 18-21).

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

On April 20, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 20, 2016. (Docket No. 14). The parties filed a Joint Stipulation on April 21, 2017. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant

work, the fifth and final step in the process determines whether he or she is able to

perform other work in the national economy in view of his or her residual functional

capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie*

case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden

is met once the claimant establishes that a mental or physical impairment prevents

the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" that the

claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 1998 (the "date last insured"). (T at 28). The ALJ found that Plaintiff did not engage in substantial gainful activity between September 30, 1993 (the alleged onset date) and the date last insured. (T at 28).

The ALJ found that, as of the date last insured, Plaintiff's disorder of lumbar and cervical spine, left shoulder impingement, tendonitis, multiple sclerosis, and history of breast implants[3] were "severe" impairments under the Act. (Tr. 28).

---

[3] In particular, the ALJ noted Plaintiff's history of atypical connective disease related to her breast implants with several revision and replacement procedures. (T at 29).

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 29).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 CFR § 404.1567 (b), as follows: she could lift 20 pounds occasionally and 10 pounds frequently; sit 8 hours in an 8-hour day; stand/walk 6 hours in an 8-hour workday (with the ability to stand and stretch for about 1-3 minutes every hour); occasional use of the right lower extremity to push/pull/operate foot controls; occasional stair climbing; occasional bending, balancing, stooping, kneeling, crouching, and crawling; no climbing ladders, ropes, or scaffolds; no working at unprotected heights or around dangerous/moving machinery; no driving automotive equipment or working around open pools of water; limited to occasional use of both upper extremities above shoulder level; occasional extreme motions of the head (e.g. looking over shoulder) and frequent head turning sideways 90 degrees from front; no hyper-vigilance; no safety-related operations; and no fast paced work. (T at 30).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform her past relevant work as a sales representative of hospital medical

equipment. (T at 37). Considering Plaintiff's age (52 years old on the date last insured), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform as of the date last insured. (T at 37-38).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between September 30, 1993 (the alleged onset date) and December 31, 1998 (the date last insured) and was therefore not entitled to benefits. (T at 38-39). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 18-21).

**D. Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 25, at p. 6), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff argues that the ALJ did not properly assess the medical opinion evidence. Second, she challenges the ALJ's credibility determination. This Court will address both arguments in turn.

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

# IV. ANALYSIS

## A. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

### 1.     Dr. Dymond

In August of 1994, Dr. John Dymond completed a rheumatological evaluation. Dr. Dymond described Plaintiff's history of physical symptoms and challenges and opined that she suffered from "atypical connective tissue disease/atypical rheumatic syndrome/atypical autoimmune condition." (T at 749). Dr. Dymond described Plaintiff's symptoms as fatigue, dysesthesias (abnormal sensation) of the arms and legs, kerotitis sicca (dry eyes) by history, photophobia, headache, and cognitive dysfunction. (T at 749). Dr. Dymond opined that the "major contributors" to Plaintiff's symptoms were her silicone breast implants. (T at 749). Dr. Dymond explained that "[b]ecause of the severity of her symptoms, [Plaintiff] can only consistently do a few activities of homemaking and self care and essentially none of [her] leisure or recreational activities." (T at 749).

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

The ALJ assigned little weight to Dr. Dymond's opinion. (T at 32-33). This Court finds the ALJ's decision supported by substantial evidence.

The ALJ noted that Dr. Dymond's opinion was rendered upon a single examination and was, thus, not based upon an extended treating relationship and longitudinal picture of Plaintiff's impairments. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) ("Under certain circumstances, a treating physician's opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to 'have obtained a longitudinal picture' of the patient's impairments…."); *see also Cotter v. Colvin*, 2017 U.S. Dist. LEXIS 150474, at *29 (E.D.W.A. Sep. 15, 2017)(treating physician opinion not entitled to controlling weight because it was dated same day as initial visit); *Jones v. Berryhill*, 2017 U.S. Dist. LEXIS 82304, at *8 (C.D. Cal. May 30, 2017)("Given that these doctors each saw Plaintiff only twice, the ALJ could reasonably conclude that they did not treat Plaintiff long enough to obtain a longitudinal picture of her condition."); Acord v. Colvin, 571 F. App'x 522, 522 (9th Cir. 2014) (substantial evidence supported ALJ's decision to discount treating physician who had "reached his conclusion after one visit").

In addition, the ALJ found that Dr. Dymond's opinion was based, in large part, on Plaintiff's subjective complaints. As outlined below, the ALJ reasonably

discounted those subjective complaints, which in turn provides a basis for giving less weight to Dr. Dymond's opinion. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

The ALJ also reasonably concluded that Dr. Dymond's opinion, which is accompanied only by his rather unremarkable clinical findings, was conclusory and insufficiently supported. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007)(noting that ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings")(citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

In particular, Dr. Dymond did not identify any specific functional limitations or offer an opinion as to how Plaintiff's impairments impacted her ability to perform work-related tasks. Dr. Dymond reported that Plaintiff had "severe cognitive dysfunction," but did not identify any abnormal mental status findings. (T at 748-49). Although Dr. Dymond found "weak" positive Tinsel's sign in the right extremity, which indicates irritated nerves, he did not assign any specific functional limitation arising from this issue. The ALJ recognized the right extremity issue and incorporated limitations into the RFC determination. (T at 30).

When this case was remanded by the prior District Court Order, it was, in part, for reconsideration of Dr. Dymond's opinion. During the prior review, the ALJ

discounted Dr. Dymond's assessment based on an incorrect reading of the subsequent medical record and because of a perceived lack of evidence regarding a link between silicone breast implants and autoimmune disease. On remand, the new ALJ reconsidered Dr. Dymond's opinion as directed and, as discussed above, offered legally sufficient reasons for affording it little weight.

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Dymond's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

### 2.    Dr. Gluckman

Dr. Richard Gluckman performed a consultative neurological examination in August of 1994.  Dr. Gluckman opined that Plaintiff had sufficient "criteria to fit into a nonspecific autoimmune condition." (T at 744).  He noted that Plaintiff suffered from "significant cognitive difficulties, memory problems, neuropathy symptomatology including dysesthesia, signs of entrapment with positive Tinsel's sign, tingling paresthesia, burning pain in the extremities, loss of ankle reflex, and loss of sensation to pinprick, touch, and cold." (T at 744-45).  Dr. Gluckman concluded that Plaintiff was "35 % disabled" as of the date of his evaluation. (T at 745).

The ALJ gave little weight to Dr. Gluckman's opinion. (T at 32).  The ALJ's decision was supported by substantial evidence.  Dr. Gluckman did not offer any assessment as to Plaintiff's functional limitations.  As to the conclusion that Plaintiff was partially ("35%") disabled, that issue is reserved to the Commissioner and Dr. Gluckman's opinion on that point is entitled to no special weight.  *See* 20 C.F.R. §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist. LEXIS 183742 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight"); *Tonapetyan v.*

*Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion is not binding on the ultimate determination of disability).

The ALJ also reasonably concluded that Dr. Gluckman's clinical findings were inconsistent with his ultimate conclusion. (T at 32, 742-44). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

The ALJ found that Dr. Gluckman's opinion was primarily based a single visit, wherein he relied heavily on Plaintiff's subjective complaints, which were found to be not credible. As noted above, these are valid reasons for discounting a medical opinion.

Lastly, to the extent Dr. Gluckman's opinion is construed as supporting a finding of some limitations with regard to Plaintiff's functioning, the ALJ adequately incorporated those limitations into the RFC determination (i.e., by limiting Plaintiff to a reduced range of light work).

When this case was remanded by the prior District Court Order, it was, in part, for reconsideration of Dr. Gluckman's opinion. During the prior review, the ALJ discounted Dr. Gluckman's assessment based on conclusory analysis and because his opinion was apparently procured by Plaintiff's counsel. On remand, the

new ALJ reconsidered Dr. Gluckman's opinion as directed and, as discussed above, offered legally sufficient reasons for affording it little weight.

In sum, although medical providers' opinions are entitled to deference, the ALJ may reject such opinions where, as here, the ALJ provided a detailed and thorough summary of the record, reasonably resolved conflicting medical opinions, and interpreted the evidence in a manner that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (1971).

## B. Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified on multiple occasions. She has suffered from frequent headaches since 1993. (T at 327). Shoulder and neck pain were also issues. (T at 327). Her pain ranged from moderate to severe. (T at 327-28). Walking was limited to 10 minutes at a time and she began using a walker in 1994. (T at 331). Plaintiff was 46 when she stopped working and 52 on the date last insured. (T at 592). She tried to work between 1993 and 1998, but was not successful. (T at 626). She was unable to drive, stand for prolonged periods, or hold a briefcase. (T at 626). Most of her days during the relevant time period were spent resting due to severe pain, tremors in the hands and legs, and an inability to write. (T at 627). Her moderate to severe pain extended into her middle back, arms, and jaw. (T at 628). She experienced weakness in her hands and fingers, an inability to grip, and right elbow pain. (T at 422-23). She could use her hands for about 30 minutes, walk 10-15 minutes, stand for 30 minutes, and sit for 20-30 minutes. (T at 425). She had trouble with stairs during the relevant time period. (T at 1657).

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 31).

This Court finds the ALJ's credibility determination consistent with applicable law and supported by substantial evidence. The ALJ provided a detailed review of the medical record, including clinical testing, treatment notes, and imaging studies (including MRI results) and concluded that the objective medical evidence did not support Plaintiff's subjective claims. (T at 31-37).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff received conservative treatment in the form of physical therapy, massage therapy, and traction, and was described as making "notable progress in physical therapy." (T at 31-32, 736-37, 770-71, 780).

"Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Lastly, it should be noted that the ALJ accepted Plaintiff's subjective complaints and incorporated numerous limitations into the RFC determination. (T at 30). Thus, this is not a case where the ALJ discounted the claimant's credibility completely. Rather, the ALJ agreed that Plaintiff was limited by her impairments, but declined to accept her claims of total disability. This assessment was supported by substantial evidence and consistent with applicable law.

Plaintiff offers an alternative reading of the record that tends to provide more support for her subjective complaints. However, where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 9th day of April, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – GEIGER v BERRYHILL 8:16-CV-00742-VEB